## STANDARD POTTERY COMPANY *v.* MOUDY.

[No. 4,887.    Filed May 12, 1905.]

1. APPEAL AND ERROR.—*Transfer of Case from Appellate Court to Supreme Court by "Losing Party."—Who Is.—Statutory Construction.*—An appellant who secures a reversal in the Appellate Court with a mandate to grant a new trial is not a "losing party" within the meaning of subdivision 2, §10, Acts 1901, p. 565, subd. 2, §1337j Burns 1901, authorizing the "losing party" in an appeal to the Appellate Court under certain circumstances to apply for a transfer of the case to the Supreme Court.    p. 657.

2. SAME.—*Motion to Modify Mandate.—Right of Transfer to Supreme Court.—Statutory Construction.*—A motion to modify the Appellate Court's mandate of reversal is not the equivalent of a petition for a rehearing, and the overruling thereof does not entitle a party to apply for a transfer of the case to the Supreme Court under subdivision 2, §10, Acts 1901, p. 565, subd. 2, §1337j Burns 1901, providing that if a petition for a rehearing is filed and overruled, the losing party under certain circumstances may apply for a transfer of the case to the Supreme Court.    p. 657.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Action by Corwin E. Moudy against the Standard Pottery Company. From a judgment of the Appellate Court (*Standard Pottery Co. v. Moudy,* 35 Ind. App. —) reversing a judgment for plaintiff for $2,000 and overruling a petition to modify the mandate of reversal, appellant petitions for a transfer to the Supreme Court under subdivision 2, §1337j Burns 1901, Acts 1901, p. 565, §10, subd. 2. *Petition denied.*

*Elmer E. Stevenson* and *Edward H. Knight,* for appellant.

*Coffey & McGregor,* for appellee.

MONTGOMERY, J.—The statute providing for a transfer of causes from the Appellate Court to this court reads as follows: "The jurisdiction of the Appellate Court shall be final, except under the following conditions: * * * Second. If a petition for a rehearing is filed by any losing

party in any case in either of said divisions of the Appellate Court and said petition is overruled, the clerk of said court shall not certify the opinion and judgment in said case to the lower court until the expiration of thirty days from the date of said ruling. Said party may at any time within thirty days after his petition for a rehearing has been overruled file in the Supreme Court an application for the transfer of the case to the Supreme Court on the ground that the opinion of said division of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously," etc. §1337j Burns 1901, Acts 1901, p. 565, §10.

1.    In this case appellant secured a reversal of the judgment appealed from, with a mandate for a new trial of the cause. It can not be said that appellant was the losing party upon the appeal, within the meaning of this statute, although by the appeal it may not have secured all that it hoped for, or all that the facts seemed to warrant it in expecting.

2.    Appellant filed a motion to modify the mandate of the Appellate Court so as to direct the lower court to enter a judgment in its favor, instead of granting a new trial. This was overruled, but no petition for a rehearing was filed by either party. The motion to modify the mandate is not the equivalent of a petition for a rehearing. Appellant, being neither a losing party upon the appeal to the Appellate Court, nor an unsuccessful petitioner for a rehearing of the cause, does not come within the provisions of the statute above quoted, and we are without authority to transfer the case upon its application.

The petition to transfer is therefore denied.